# BLANKROME

130 North 18th Street | Philadelphia, PA 19103
blankrome.com

*Phone:*  (215) 569-5619
*Fax:*    (215) 832-5619
*Email:*  Pecsenye@BlankRome.com

> *[Handwritten order:]*
> All documents that defendant has agreed to produce in its response of November 4 shall be produced by December 9 together with a privilege log for all documents withheld on the grounds of privilege. Defendant shall answer Interrogatory No. 3 by December 19, 2019. Letter motion 48 is terminated.
>
> SO ORDERED
> /s/ P. Kevin Castel
> USDJ  11.26.19

November 26, 2019

**VIA ECF**

Hon. Judge P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re:   ***Lexington Furniture Industries, Inc. d/b/a Lexington Home Brands v. The Lexington Company, AB d/b/a The Lexington Clothing Company***
          **Case No. 1:19-cv-06239-PKC**

Dear Judge Castel,

    Defendant The Lexington Company, AB d/b/a The Lexington Clothing Company ("Defendant" or "LCC") submits this response to Plaintiff Lexington Furniture Industries, Inc. d/b/a Lexington Home Brands' ("Plaintiff" or "LFI") November 20, 2019 letter. LFI's letter request is a premature and transparent effort to pressure LCC in ongoing settlement discussions while coloring the Court with invented discovery abuses. In sum, there are no genuine disputes for the Court's consideration; and the issues raised are both moot, and unworthy of the Court's consideration (certainly at this stage).

**Settlement Discussions and Discovery Background**

    In accordance with this Court's September 13, 2019 Order encouraging the parties to resolve this dispute amicably, the parties met (over a meal) and have been involved in active settlement discussions. Rather than foster the space for the parties to properly explore settlement, Plaintiff has resolved to artificially press discovery on an expedited time frame, months in advance of an initial discovery cutoff deadline as means to bully Defendants into submission. Noticeably absent from the selective retelling of events is any explanation for how Plaintiffs have been prejudiced by discovery exchanges.[1] Prior to the Court mandated settlement conference, Plaintiff's counsel served Plaintiff's First Set of Interrogatories and Plaintiff's First Set of Requests for

---

[1] LCC has not suggested the Court's schedule order (Dkt. No. 41) needs to be modified in any way.

# BLANKROME

Hon. Judge P. Kevin Castel
November 26, 2019
Page 2

Production of Documents,[2] with an initial response deadline of October 28, 2019. Based on a successful initial meeting between the parties on October 7, 2019 and ongoing settlement discussions, Defendant contacted Plaintiff to discuss suspending discovery responses and obligations while negotiations were ongoing. Plaintiff's counsel initially refused the professional courtesy of *any* initial extension but relented and offered a meager one-week extension, until November 4, 2019. See Exhibit A (e-mail from LFI's counsel dated October 22, 2019). While Plaintiff's counsel unilaterally imposed a November 4th date for production of documents, Defendants did not agree to produce documents by that date and the date of actual document production was not discussed.

Defendant *timely* served written responses on November 4, 2019. See Exhibit B (e-mail from LCC's counsel dated November 4, 2019). A mere sixteen days later, and refusing to wait a week to meet and confer, Plaintiff's counsel defaulted to Court intervention, falsely declaring that discovery was "already a month overdue."

**Meet and Confer Efforts**

Contrary to Plaintiff's claims, Defendant undeniably – and repeatedly – agreed that it would meet and confer in good faith and engaged in a series of email exchanges on this topic. Plaintiff's counsel has not called "numerous times" nor left "multiple messages." In fact, Defendant's counsel has responded to counsel's voicemails each time via telephone or by e-mail. As several lawyers from my office informed Plaintiff's counsel, the undersigned, is the lead attorney on this case and I was away this past week traveling for business. See Exhibit C (e-mail from LCC's counsel dated November 20, 2019). A Junior Associate in my office informed Plaintiff's counsel, Lucy Jewett Wheatley, that she was not unilaterally authorized to participate on a conference call with opposing counsel *and confirmed multiple times that the lead counsel could meet and confer telephonically on Friday, November 22*. See id. As Plaintiff was refusing to accommodate this date and time, Defendant's counsel also suggested (given the upcoming holiday) to postpone the call until after the holiday. In response, Plaintiff filed this letter demanding relief "by the end of this week." Of course, had Plaintiff's counsel took Your Honor's Rules into account, they would have realized that the resolution of this letter motion could not have occurred within the week and will indeed occur *subsequent to both* times that Defendant offered to meet and confer. No basis was provided for the emergent request for relief. The expedited timeframe is animated by nothing more than desire to pressure Defendants in settlement.

Perhaps most astonishing about the reflexive filing of the letter request, is that no genuine dispute is identified on the issue of document production. As Defendant's counsel already expressed to Plaintiff's counsel prior to November 20th, we were in the process of collecting and

---

[2] Plaintiff served sixty-seven (67) discovery requests, and has subsequently served an additional eight (8) requests. Remarkably, some of the discovery is aimed at issues relating to LCC's counterclaim which was voluntarily dropped in a subsequent Amended Answer.

# BLANKROME

Hon. Judge P. Kevin Castel
November 26, 2019
Page 3

reviewing documents and indeed already produced several documents. Defendant initially offered to make available for copying given the relatively small number of documents and the absence of any e-discovery stipulation governing this case. Plaintiff demanded electronic copies and we agreed to consider producing electronic discovery. Despite these assurances and two opportunities to meet and confer, Plaintiff's counsel filed the subject letter motion with the Court. **Notwithstanding the foregoing, any alleged dispute over the production of documents is now moot, as Defendant has already produced the relevant documents electronically. See Exhibit D (e-mail from LCC's counsel dated November 26, 2019) and Exhibit E (e-mail from LCC's counsel dated November 20, 2019).** [3]

In addition, Plaintiff's Interrogatory No. 3 is not authorized by SDNY L. Civ. R. 33.3. The request asks Defendant to:

> Identify LCC's calculation of profits from sales of goods in connection with the term "Lexington" dating back to January 1, 2012 in the United States, including total revenues, the number of units sold, any expenses deducted to calculate profits, and any documents relied upon to calculate revenues and profits, and the identity of any individual(s) who calculated these profits.

See Exhibit G (Plaintiff's First Set of Interrogatory Requests). There are not pending counterclaims so this information is not sought to flesh out Defendant's damages. As contemplated by the limited use of interrogatories in this Court, there are more efficient (and Court-preferred) means of seeking financial data of this nature. Plaintiff's insistence on information to calculate its own damages is completely outside the scope of the Rules of the Court. Furthermore, the scope of the request is overly broad and vague. See Exhibit E (e-mail from LCC's counsel dated November 20, 2019). Despite the scope of the request being overly broad and vague, as explained numerous times over e-mail, Plaintiff agreed to produce the relevant data – and has, in fact, produced the relevant data. See i.d. and Exhibit D. Furthermore, Fed. R. Civ. P. 33(d) allows reference to a document in response to an interrogatory when the burden of deriving or ascertaining the answer will be substantially the same for either party. As such, Defendant's reference to the relevant sales data was permitted and Defendant will supplement its response as appropriate in accordance with Federal Rules of Civil Procedure.

Notably, Plaintiff has failed to explain or identify any prejudice resulting from any alleged delay. Plaintiff argues that it requires the production of documents so that it can properly prepare

---

[3] Plaintiff mislead the Court by claiming that Defendant improperly offered Plaintiff the opportunity to inspect the documents on Thanksgiving Day and only "when pressed, Defendant's counsel agreed to move the 'inspection' to the Tuesday before Thanksgiving." In reality, we inadvertently proposed the date for Thanksgiving Day, which was an inadvertent clerical error. Upon receiving notice of the clerical error, Defendant's counsel immediately conceded to the clerical error and confirmed that it meant to write Tuesday, November 26th not November 28th. See Exhibit F (e-mail from LCC's counsel dated November 19, 2019) - a fact conveniently omitted in the letter.

# BLANKROME

Hon. Judge P. Kevin Castel
November 26, 2019
Page 4

for its upcoming 30(b)(6) deposition of Defendant. The date of the deposition, however, was a self-imposed deadline created by Plaintiff. Indeed, Defendant has notified Plaintiff that it will not be able to attend a deposition until four or five days after the requested date (see email from LCC's counsel dated November 25, 2019 attached hereto as Exhibit H), thereby further extinguishing any pressures of the self-imposed deadline. Given the limited number of anticipated depositions, the parties have plenty of time to schedule a deposition and exchange documents without modifying the current schedule. Given the ongoing nature of the settlement discussions, the prospect of forcing unnecessary legal expenses is counter-productive.

Defendant respectfully submits that the letter motion filed by Plaintiff is moot and void and should be disregarded.

> Respectfully submitted,
>
> /s/ Timothy D. Pecsenye
>
> TIMOTHY D. PECSENYE

C (via e-mail): Counsel for Plaintiff