**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LEXINGTON FURNITURE INDUSTRIES, INC. d/b/a LEXINGTON HOME BRANDS., | CIVIL ACTION NO. 1:19-cv-6239-PKC |
| *Plaintiff*, | |
| v. | JURY DEMANDED |
| THE LEXINGTON COMPANY, AB d/b/a THE LEXINGTON CLOTHING COMPANY, | |
| *Defendant*. | |

## <u>CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER</u>

THIS MATTER is before the Court pursuant Fed. R. Civ. P. 26(c) for entry of an order, with consent and agreement of the parties, governing the disclosure and protection of confidential and proprietary business information that may be sought during discovery in this case. In order to facilitate discovery while preserving and maintaining the confidentiality of certain documents or testimony that may be sought by the Plaintiff or Defendant in this matter (the "Parties"), and in the interests of justice, it is hereby ORDERED by the Court that:

1.      This Confidentiality Stipulation and Protective Order (this "Protective Order") shall govern the use and dissemination of all information, documents, or materials that are produced in this action and designated as "Confidential" or "Highly Confidential Attorney Eyes Only" (collectively, "Confidential Information"). Any Party or non-party may, in good faith, designate as "Confidential" or "Highly Confidential Attorney Eyes Only" any documents, interrogatory answers, responses to requests for admission, deposition transcripts, information or other written, recorded, or graphic material produced or disclosed in this litigation that the

1

producing party considers to be subject to this Protective Order.

2.     The term "Confidential", as used in this Protective Order, shall mean any discovery material that the producing party, in good faith, reasonably believes contains or constitutes (a) information not in the public domain that any party designates as containing confidential, personal, financial, and/or proprietary information, commercial, budgeting, auditing, and/or accounting information, information about existing and potential customers, internal practices, decisions and/or negotiations, personnel compensation, evaluations and other confidential and proprietary information about affiliates, parents, subsidiaries and third parties with whom a party to this action has had business relationships, and any other information that is reasonably believed by the designating party to be non-public, proprietary and/or confidential or information that the producing party otherwise believes in good faith is entitled to protection under Federal Rules of Civil Procedure, (b) matters that constitute or contain trade secrets pursuant to applicable law, and (c) non-public personal information of third-parties or customers, including information that identifies the personal or  financial information for a given person, including name, address, account number, telephone number, place or position of work, or other identifying information.

3.     The term "Highly Confidential Attorney Eyes Only," as used in this Protective Order, shall mean information not in the public domain that is so proprietary or competitively sensitive that its disclosure to the opposing party may cause competitive injury.  Such information may include, but is not limited to, personal, non-public information that identifies or can be used to identify a party's current or former customers (including, but not limited to, individual account information, or mobile device identification numbers), and which is subject to applicable federal and state privacy, data security, and/or consumer protection laws that may

require the data owner and/or relevant data custodians to designate as confidential, including but not limited to highly sensitive financial data, company proprietary information and trade secret information. The parties recognize that the type of information which can properly be considered "Highly Confidential Attorney Eyes Only" is therefore limited; accordingly, the parties shall use this designation sparingly.

4.      Nothing in this Protective Order shall limit the right of a Party to use documents or information that (a) was lawfully in its possession prior to the initiation of this action; (b) was, is, or becomes public knowledge, not in violation of this Protective Order; (c) is acquired by the non-producing party from a third-party who breached no legal obligation in providing the document(s) to the non-producing party; or (d) becomes declassified under the Protective Order.

<u>**Confidential Information**</u>

5.      A Party to this action or other person or entity, including any third party, who produces or supplies information, documents or other materials used in this action (hereinafter, the "Designating Party" or the "Producing Party") may designate as "Confidential" or "Highly Confidential Attorney Eyes Only" any such information, document or material that it reasonably and in good faith believes constitutes or contains "Confidential" or "Highly Confidential Attorney Eyes Only" material under the terms of this Protective Order. The designation of discovery material as "Confidential" or "Highly Confidential Attorney Eyes Only" for purposes of this Protective Order shall be made by affixing the designation marking "Confidential" on the document or material containing such information, and upon each page so designated, if practicable, a legend that in substance states: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEY EYES ONLY".

6.      Depositions may be designated "Confidential" or "Highly Confidential Attorney Eyes Only" by indicating that fact on the record at the deposition or by providing written notice to the other Party within thirty (30) days of receipt of the hard copy transcript. If a Designating Party has advised the court reporter that Confidential Information has been disclosed during a deposition, the court reporter shall include on the cover page the following indication: "DEPOSITION CONTAINS [CONFIDENTIAL INFORMATION / H I G H L Y CONFIDENTIAL ATTORNEY EYES ONLY INFORMATION] OF [NAME OF DESIGNATING PARTY] – SUBJECT TO PROTECTIVE ORDER."  Within thirty (30) business days of receipt of the initial deposition transcript, the Designating Party shall advise opposing counsel of the specific pages and lines in which Confidential Information or H i g h l y Confidential Attorney Eyes Only Information appears.  If any documents or other information designated as "Confidential" or "Highly Confidential Attorney Eyes Only" are to be discussed or disclosed in a deposition where the attendees include any person, other than a certified court reporter or videographer, who under this Protective Order is required to but has not signed and refuses to sign Exhibit "A" hereto, the deposition may proceed so long as the "Confidential" or "Highly Confidential Attorney Eyes Only" is not disclosed during the course of the deposition, and the Party claiming confidentiality shall have the right to thereafter adjourn the deposition and seek a further protective order preventing or limiting the disclosure of such "Confidential" or "Highly Confidential Attorney Eyes Only".

7.      Confidential Information disclosed pursuant to or included within this Protective Order shall be used only for purposes of prosecution, defense or settlement of the ACTION. Confidential Information may be used by the attorneys of record permitted access to such information in good faith in conducting discovery, provided that Confidential Information is

protected pursuant to the terms and conditions of this Protective Order. Confidential Information

should not be used by a Party or other persons permitted access for any business or other

purposes not directly related to this litigation unless agreed to in writing by all Parties to this

action or as authorized by further order of the Court.  No person who has been furnished with

Confidential Information shall disclose it to any person not entitled under this Protective Order to

receive it. Counsel for the Parties shall be responsible for informing witnesses, staff and experts

as necessary, of the contents of this Protective Order.

       8.     In compliance with this Protective Order, information designed as "Confidential"

and used in this litigation may be disclosed only to:

      a.    This Court and its personnel.

      b.    The Parties' counsel and employees of such counsel assigned to and necessary to assist such counsel in this action.

      c.    The named Parties, including any representative of the Parties, but only for use in the prosecution, defense, or settlement of this action.

      d.    Any consultant, investigator or expert (collectively, "Expert") who is assisting in the preparation and trial of this litigation, but only to the extent reasonably necessary to enable such Expert  to render such assistance in this action.

      e.    A deponent or witness, prior to or in the course of providing testimony in a deposition, hearing or at trial,  provided that such persons may be shown copies of designated material only during the course of preparation for his or her testimony, or in the actual course of providing testimony, may not retain any

               designated material and must be informed of the confidential nature of the materials.

    f.      Court reporters and videographers engaged by counsel of record to transcribe testimony in connection with this action.

    g.      An outside photocopy vendor retained by counsel who is assisting in the preparation and trial of this litigation by making photocopies of documents, but only to the extent necessary to enable the photocopy vendor to render such assistance in this action.

9.      Information designated as "Highly Confidential Attorney Eyes Only" may only be disclosed in accordance with this Protective Order only to:

    a.      This Court and its personnel.

    b.      The Parties' counsel and employees of such counsel assigned to and necessary to assist such counsel in this action.

    c.      Any consultant, investigator or expert (collectively, "Expert") who is assisting in the preparation and trial of this litigation, but only to the extent reasonably necessary to enable such Expert to render such assistance in this action.

    d.      Court reporters and videographers engaged by counsel of record to transcribe testimony in connection with this action.

    e.      An outside photocopy vendor retained by counsel who is assisting in the preparation and trial of this litigation by making photocopies of documents, but only to the extent necessary to enable the photocopy vendor to render such

assistance in this action.

10.    If a Party wishes to disclose Confidential Information to any person not described in Paragraphs 8 and 9 of this Protective Order, permission to so disclose must be requested from the Designating Party in writing. If within seven (7) business days of request for permission, the Designating Party objects to the proposed disclosure, such disclosure shall not be made unless, upon motion by the Party requesting such permission, this Court orders otherwise.

11.    Prior to obtaining access to Confidential Information, any person to whom Confidential Information may be disclosed pursuant to Paragraphs 8, 9, and 10 hereof, except this Court and its personnel, shall be shown and shall read a copy of this Protective Order and shall agree in writing to be bound by its terms by signing a copy of the Confidentiality Acknowledgment attached hereto as Exhibit A ("Confidentiality Acknowledgment"). Counsel for the Party obtaining a person's signature on the Confidentiality Acknowledgment shall retain the original signed acknowledgment, and, if requested by the Designating Party, shall provide a copy of the signed acknowledgment to counsel for the Designating Party, with the exception that the Designating Party is not entitled to see an acknowledgement signed by an expert who has not yet been disclosed as a testifying expert. Rather, counsel shall certify that all such experts have acknowledged the confidentiality agreement.

12.    Where any Confidential Information is included in any Court filing, such filing shall be marked **"CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER"** and filed pursuant to the Court's practices related to filing under seal.

13.    Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents or portions of

documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006) and any other controlling authority. Unless otherwise ordered, a party seeking to file an opposing party's confidential information shall so advise the opposing party fourteen (14) days in advance specifying the precise portion of the information the party seeks to use, the general purpose thereof and any redactions to which the party does not object. Within seven (7) days thereafter, the party whose confidential information is sought to be used may make an application to seal in accordance with the first paragraph of this Order, indicating the portion or portions of the information it seeks to have sealed. Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

### General Provisions

14.     Except to the extent expressly authorized in this Protective Order, Confidential Information shall not be used or disclosed for any purpose other than the preparation and trial of this case and/or any appeal therefrom, or confidential settlement negotiations in this case, subject to the provisions of this Protective Order. Use or disclosure of Confidential Information in any other litigation or for any other purposes is expressly prohibited.

15.     Any summary, compilation, notes, copy, electronic image, or database containing Confidential Information shall be subject to the terms of this Protective Order to the same extent as the material or information from which such summary, compilation, notes, copy, electronic image, or database is made or derived.

16.     Within thirty (30) days of receipt of a document marked Confidential and/or

Highly Confidential Attorney Eyes Only, any Party may object to a designation by notifying the Designating Party in writing of that objection. If reasonably practicable, the writing also must specify the Bates range corresponding to the beginning and end of each document subject to objection as well as the bates number of the particular page or pages of such documents that actually contain the designated materials to which the objection is made. The parties shall, within fourteen (14) days of service of the written objection, confer concerning the objection. If a motion is filed, information subject to dispute shall, until further order of the Court, be treated consistently with this designation. The Designating Party shall have the burden of proving that the confidentiality designation is warranted. With respect to any material which is re-designated or ceases to be subject to the protection of this Protective Order, the Designating Party shall, at its expense, provide to each party which so requests additional copies thereof from which all confidentiality legends affixed hereunder have been adjusted to reflect the re-designation or removed as appropriate.

17.    If any Producing Party inadvertently fails to designate any information as Confidential or Highly Confidential Attorney Eyes Only at the time of production or disclosure, that party shall not be deemed to have waived, in whole or in part, any claim to such designation, either as to specific information disclosed or as to any other information on the same or related subject matter. As soon as reasonably practicable after the party becomes aware of the inadvertent failure to designate material as Confidential or Highly Confidential Attorney Eyes Only, the party shall identify and designate such information as Confidential or Highly Confidential Attorney Eyes Only in writing, accompanied by substitute copies of each item stamped or labeled Confidential or Highly Confidential Attorney Eyes Only. If such written notice is given, all Confidential Information shall be subject to this Protective Order as if it

had been initially designated as Confidential Information. Within seven (7) days of receipt of the substitute copies marked Confidential or Highly Confidential Attorney Eyes Only, all receiving parties shall return or destroy the previously unstamped or unlabeled information and all copies thereof that are in their possession, custody or control; provided that it does not cause the non-Designating Party undue expense or burden to do so. If, prior to receiving such notice, a receiving party has disseminated the Confidential Information to individuals not authorized to receive such Confidential Information pursuant to this Protective Order, the receiving party shall make a reasonable effort to retrieve the Confidential Information or if such efforts fail, to advise each recipient that the Confidential Information is subject to this Protective Order.

18.    Nothing in this Protective Order shall be deemed to restrict in any manner the use by any Designating Party of any information in its own documents and materials.

19.    If counsel for any Party receives notice of any subpoena or other compulsory process commanding production of Confidential Information that a Party has obtained under the terms of this Protective Order, counsel for such party shall notify the Designating Party in writing within 10 days upon receipt of such subpoena or process, and shall not produce the Confidential Information until the Designating Party has had reasonable time to take appropriate steps to protect the material. It shall be the responsibility of the Designating Party to obtain relief from the subpoena or order prior to the due date of compliance and, to give the Designating Party an opportunity to obtain such relief, the Party from whom such information is sought shall not make the disclosure before the actual due date of compliance set forth in the subpoena or order.

20.    This Protective Order shall not prevent any of the Parties from moving this Court for an order that Confidential Information may be disclosed other than in accordance with this Protective Order. This Protective Order is without prejudice to the right of any Party to seek

modification of it from the Court. The provisions of this Protective Order regarding the use and/or disclosure of Confidential Information shall survive the termination of the action, and the Court shall retain jurisdiction with respect to this Protective Order. This Protective Order shall remain in effect unless and until it is modified, amended or rescinded by the Court. . . This Protective Order does not affect any Party's rights to object to discovery on any grounds other than an objection based solely on the ground that the information sought is confidential in nature.

21.     Nothing in this Protective Order shall be deemed to be a waiver of any Party's right to oppose production or admissibility of any information or documents on any ground, including without limitation, lack of timeliness of the request, lack of relevance, lack of materiality, as a privileged communication, as work product of counsel, as not calculated to lead to the discovery of admissible evidence, or as not proportional to the needs of the case. Moreover, nothing in this Protective Order shall preclude a Party from seeking such additional protection with regard to confidentiality as that Party may deem appropriate.

22.     Nothing in this Protective Order shall require any Party to produce Confidential Information and nothing in this Protective Order shall result in the waiver by any Party of any objection to any discovery request or the production of Confidential Information or any document containing Confidential Information. The production subject to this Protective Order of Confidential Information or documents containing Confidential Information shall not be deemed a waiver of any objection to the admissibility of such documents or their contents that may exist under any applicable Rules of Evidence. It is the intent of the parties and the Court hereto that any such objections may be asserted prior to and at trial.

23.     This Protective Order shall not preclude any party from seeking and obtaining from the Court additional protection with respect to the issues addressed in the Protective Order.

The parties agree that this Protective Order is without prejudice to any position either Plaintiff or Defendant may take in any other cases.

24.     This Protective Order is not intended to govern the use of Confidential Information at any trial of this action. Questions of the protection of Confidential Information during trial will be presented to the Court and the Designating Party prior to or during trial as each party deems appropriate.

25.     Pursuant to Federal Evidence Rule 502(d) and Federal Civil Rule 26(b)(5)(B), the inadvertent production of any document or information protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege shall not constitute a waiver of any such privilege or doctrine.  Upon receipt of notice of such inadvertent production from the producing Party, the receiving Party shall, within seven (7) business days of such notice, either (a) return all copies of such document(s) to the Producing Party other than copies containing attorney's notes or other attorney work product that may have been placed thereon by counsel for the receiving party and shall destroy all copies of such documents that contain such notes or other attorney work product.

26.     Within sixty (60) days after the conclusion of this action, including the exhaustion of all appeals, counsel for all parties shall return all Confidential Information produced in this litigation (other than exhibits at the official court of record) to the Designating Party or shall destroy such information. Counsel for any Party or third party receiving Confidential Information shall make written certification of compliance with this provision and shall deliver the same to counsel for each Designating Party within one hundred twenty (120) days after the conclusion of this action, including the exhaustion of all appeals. Should any Party or third party subsequently discover that, despite the use of best efforts, any Confidential

Information was not returned or destroyed, in either electronic or hard copy formats, such party must immediately take steps to return or destroy such information as outlined above.

Stipulation is hereby approved by the Court as a Protective Order pursuant to Federal Rule of Civil Procedure 26(c).

**DONE AND ORDERED** this ___12___ day of __December___, 2019.

_____
HONORABLE P. KEVIN CASTEL
U.S. District Court Judge

Copies furnished:
All Counsel of Record

# EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEXINGTON FURNITURE INDUSTRIES, INC. d/b/a LEXINGTON HOME BRANDS., | |
| *Plaintiff*, | CIVIL ACTION NO. 1:19-cv-6239-PKC |
| v. | |
| THE LEXINGTON COMPANY, AB d/b/a THE LEXINGTON CLOTHING COMPANY, | JURY DEMANDED |
| *Defendant*. | |

I, _____, being duly sworn on oath, state the following:

1.      I have read and understand the Confidentiality Stipulation and Protective Order ("Protective Order") to which this Confidentiality Acknowledgement is attached and I attest to my understanding that access to information designated "Confidential" and/or "Highly Confidential Attorney Eyes Only" may be provided to me and that such access is pursuant to the terms and conditions and restrictions of the Protective Order. I agree to be bound by the terms of the Protective Order. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Confidentiality Acknowledgment and the Protective Order.

2.      I shall not use or disclose to others, except in accordance with the Protective Order, any Confidential Information or Highly Confidential Attorney Eyes Only Information. I also shall return all Confidential Information and any Highly Confidential Attorney Eyes Only Information provided to me in this litigation to counsel for the party I represent within

sixty (60) days after the conclusion of this action, including the exhaustion of all appeals.  If I fail to abide by the terms of this Confidentiality Acknowledgment or the Protective Order, I understand that I may be subject to sanctions under the contempt power of this Court, which includes the power to impose compensatory damages to remedy contemptuous conduct.

Dated:

_____

_____
Signature

_____
Printed Name

_____
Address

_____
Address (cont'd)

_____
Individual or Entity Represented

_____ County

Sworn to and subscribed before me this _____ day of _____, 2018.

_____
Notary Public

_____
Notary's Printed Name

My Commission Expires: _____