UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
LEXINGTON FURNITURE INDUSTRIES, INC.
d/b/a LEXINGTON HOME BRANDS,

        Plaintiff,        19-cv-6239 (PKC)

  -against-

                   ORDER

THE LEXINGTON COMPANY, AB d/b/a THE
LEXINGTON CLOTHING COMPANY,

        Defendant.
-------------------------------------------------------------x

CASTEL, U.S.D.J.

    Plaintiff Lexington Furniture Industries, Inc. ("LFI") and Defendant The Lexington Company, AB ("LCC") (collectively, "Movants") move to seal certain documents submitted in connection with their respective summary judgment motions. (Docs 89 & 99).

    On June 26, 2020, LFI filed a motion for summary judgment and, on July 17, 2020, LCC filed a cross-motion for summary judgment. In their motions to seal, both LFI and LCC stated that "[t]his motion to seal is being filed in the abundance of caution to protect information designated during discovery as confidential" by the other party. (Doc 89 – LCC's motion; Doc 99 – LFI's motion). Neither party submitted a response to the other's sealing motion seeking to protect the materials previously designated as confidential or addressing whether the standards for sealing had been met.[1] For the reasons that follow, the Court will grant in part and deny in part the motions.

---

[1] Although counsel for each party stated that the motion was made pursuant to the Confidentiality Stipulation and Protective Order entered in the action, the Court notes that neither party appeared to follow the procedures set forth when seeking to file an opposing party's confidential information. (Doc. 52 ¶ 13). Pursuant to the terms of that Order, following notice to the opposing party, "the party whose confidential information is sought to be used may make an application to seal in accordance with the first paragraph of this Order, indicating the portion or portions of the information it seeks to have sealed." (Id.)

LEGAL STANDARD

There is a common-law and First Amendment right of public access to judicial documents. Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119–20 (2d Cir. 2006). As such, documents may be sealed "only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." Id. at 124.

Under this framework, a court must determine: (1) whether the document subject to a sealing request qualifies as a judicial document; (2) the weight of the presumption of public access attaching to that judicial document; and (3) if any countervailing factors or higher values outweigh the right of public access to that judicial document. Id. at 119–20. To be classified as a judicial document, material "must be relevant to the performance of the judicial function and useful in the judicial process." Brown v. Maxwell, 929 F.3d 41, 49 (2d Cir. 2019) (quoting United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995) ("Amodeo I")).

The weight of the presumption of public access is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." Id. (quoting United States v. Amodeo, 71 F.3d 1044, 1049 (2d Cir. 1995) ("Amodeo II")). Documents submitted in connection with summary judgement are entitled to the highest presumption of public access. Id. at 53.

Established factors and values that can outweigh the presumption of public access include business secrecy, see Amodeo II, 71 F.3d at 1051 ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts . . . .") and privacy interests, see id. ("The court also considers 'the privacy interests of those resisting disclosure.' Financial records of a wholly-owned business, family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct

affecting a substantial portion of the public." (citation omitted) (quoting Lugosch, 435 F.3d at 120)). If one of these factors or values outweigh the value to the public of accessing the document at issue, then that document should be sealed.

DISCUSSION

Applying the Lugosch framework, the Court finds that all of these documents are judicial documents. Here, all the documents at issue were submitted to the Court in support of motions for summary judgment and so would reasonably have the tendency to influence the Court's decision on the outstanding motions. Brown, 929 F.3d at 49–50. The Court's actual reliance upon a document is irrelevant to the determination of whether it qualifies as a judicial document. Id. Second, the Court finds that the documents at issue here are subject to "a strong presumption of public access." Id. at 53. ("Materials submitted in connection with a motion for summary judgment are subject to a strong presumption of public access."). The final step of the Lugosch framework requires the Court to determine if any countervailing factors or higher values outweigh the right of public access to that judicial document. Lugosch, 435 F.3d at 119–20.

LCC moves to seal portions of its Memorandum of Law (Doc 94, at n.12, 20) and Rule 56.1 Statement. (Doc 97 ¶¶ 81, 104). Upon review of the proposed redactions, the information was made public by LFI's response to LCC's Rule 56.1 Statement. LFI filed its response without redactions made in paragraphs 81 and 104. (Doc 106). Similarly, the portions of LCC's Memorandum of Law that were filed with redactions included information made public by LFI's response. (Doc 106). The same is true regarding a redacted quote from the deposition of Robert Stamper, LFI's corporate representative. (Doc. 96-1 (Pecsenye Dec. – Ex. A)). No other valid basis for sealing the Stamper deposition transcript has been advanced. LCC's motion to seal is therefore denied as to its Memorandum of Law, Rule 56.1 Statement and Exhibit A to the Pecsenye Declaration.

LCC moves to seal Exhibits L and M to the Pecsenye Declaration. (Doc 96). Separately, LFI moves to seal Exhibits 4 and 5 to the Wheatley Response Declaration. (Doc 105). Both LFI and LCC assert that their sealing requests are necessary to protect confidential and proprietary business information. The demonstration of a valid need to protect the confidentiality of such sensitive business information may be a legitimate basis to rebut the public's presumption of access to judicial documents. See Amodeo II, 71 F.3d at 1051 ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts . . . ."); Skyline Steel, LLC v. PilePro, LLC, 101 F. Supp. 3d 394, 412–13 (S.D.N.Y. 2015) (Furman, J.) (sealing "highly confidential sales information, including pricing information" as well as information "revealing confidential negotiations" with a customer).

Upon evaluation, the Court finds that the proposed sealing of Exhibits L and M to the Pecsenye Declaration and Exhibits 4 and 5 to the Wheatley Response Declaration, protecting the parties' sensitive business information, outweighs the public's right to access this information and are narrowly tailored to protect only this sensitive business information. These exhibits contain specific, non-public financial statements, sales information and customer lists. The disclosure of this information could advantage Movants' competitors and harm their businesses.

Lastly, LFI moves to seal Exhibit 2 to the Wheatley Response Declaration in its entirety. (Doc. 105). It argues that sealing is necessary to protect personal identifying information including credit card information, a home address and home telephone number. The Court finds that sealing Exhibit 2 in its entirety is not narrowly tailored to protect such privacy interests. Movants also fail to justify how the expenses for a marketing event listed in the Exhibit are the type of sensitive business information that would cause commercial harm if disclosed. The parties

will be ordered to file a version of this document which redacts only the individual's personal identifying information.

CONCLUSION

The Clerk is directed to terminate the motions. (Docs 89 & 99). To the extent the parties' motions have been denied, the parties are directed to publicly file unredacted versions of the relevant documents within 14 days of this Order.

SO ORDERED.

*P. Kevin Castel*
P. Kevin Castel
United States District Judge

Dated: New York, New York
       March 24, 2021

5