```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

LEXINGTON FURNITURE INDUSTRIES, INC.
d/b/a LEXINGTON HOME BRANDS,

                    Plaintiff,                    19-cv-6239 (PKC)

     -against-
                                                  OPINION AND
                                                  ORDER
THE LEXINGTON COMPANY, AB d/b/a THE
LEXINGTON CLOTHING COMPANY,

                    Defendant.
-----------------------------------------------------------x
```

CASTEL, U.S.D.J.

        Fact discovery in this action closed on February 14, 2020. (Doc 58.) The parties' Rule 26(a) disclosures were ordered to be made by September 27, 2019. (Doc 41.) Defendant's Rule 26(a) disclosure did not list its CEO Ms. Kristina Lindhe as an "individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses . . . ." Rule 26(a)(1)(A)(i). The Advisory Committee Notes state that " 'Use' includes any use . . . at trial."

        The failure to disclose Ms. Lindhe is not claimed to have been an accident or mistake. As a result of not listing Ms. Lindhe as a person likely to have information that defendant "may use" at trial, her deposition was not sought. Defendant did disclose Tommy Lindhe, the defendant's COO and Chairman, and produced him as a Rule 30(b)(6) witness.

        With the prospect of trial looming large, defendant had an apparent change of heart and on May 19, 2021 purported to supplement its Rule 26(a) disclosure to list Ms. Lindhe, its CEO. Plaintiff objects to defendant listing her more than a year after the close of discovery

and to her testifying at trial. In determining whether the Court will allow Ms. Lindhe to testify at trial over plaintiff's objection, the Court considers (1) defendant's explanation for failure to comply with the discovery requirement; (2) the importance of Ms. Lindhe's testimony; (3) the prejudice to plaintiff; and (4) the impact on case scheduling. <u>Emmpresa Cubana Del Tabaco v. Culbro Corp.</u>, 213 F.R.D. 151, 159 (S.D.N.Y. 2003).

As the reason for failing to identify Ms. Lindhe during the discovery period, defendant seeks to blame plaintiff for purportedly producing after the close of discovery *defendant's own* advertising and marketing material. Defendant points out that Ms. Lindhe had oversight responsibility for these materials, as presumably she did for all advertising and marketing predating the filing of the Complaint. Ms. Lindhe has been identified on every single topic that Tommy Lindhe has already been identified, including those that defendant had full knowledge of going back to the filing of its disclosures on September 27, 2019. In terms of the importance of her testimony, COO Mr. Lindhe is perfectly capable of testifying on the identical topics as demonstrated by the word for word identical nature of their disclosures. There is no subject matter on which Ms. Lindhe is designated for which Mr. Lindhe is not also designated. The prejudice to plaintiff from the late disclosure flows from the need for it to examine Ms. Lindhe prior to trial. Experience teaches that granting the modest request of reopening discovery for a single deposition—in this case the CEO of the defendant—would likely lead to the reopening of much of the completed discovery process, including requests to reexamine other witnesses and supplement document productions. This will cause a delay in the action proceeding to trial. Indeed, defendant suggests that Ms. Lindhe's deposition be taken "before the parties proceed further in the pretrial proceedings." (Doc 130). The Court set a comprehensive schedule for final pretrial submissions on March 23, 2021 (Doc 116); after a brief extension the

Joint Pretrial Order is due on June 18 and the Final Pretrial Conference is on June 29, 2021. Both the prejudice to plaintiff and the impact on scheduling counsel against defendant's much belated designation of its CEO.

The Court concludes that the failure to list Ms. Lindhe during the discovery period is not "substantially justified or harmless." Rule 37(c)(1), Fed. R. Civ. P. Any claim that there is an injustice in not letting defendant's CEO testify at trial is baseless; as noted, Ms. Lindhe was never listed as a person whose testimony may be used at trial in defendant's initial disclosures which were due on September 27, 2019 and never listed at any other time through the close of discovery on February 14, 2020. The supplemented disclosure listing Ms. Lindhe was made on May 19, 2021 during the preparation of final pretrial submissions and with the Joint Pretrial Order due in three weeks. There is no claim by defendant that this was a mistake or oversight or anything other than a strategic decision.

The motions (Docs 129 & 131) of plaintiff are granted to the limited extent of precluding Ms. Lindhe's trial testimony in defendant's case in chief. Nothing in this Opinion and Order limits the testimony of Mr. Lindhe, the COO, on any claim or defense in this case or defendant's right to object to any of plaintiff's evidence. The Clerk is directed to terminate the motions. (Docs 129 & 131).

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       May 27, 2021