IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEXINGTON FURNITURE INDUSTRIES, INC. d/b/a LEXINGTON HOME BRANDS., <br><br> *Plaintiff*, <br><br> v. <br><br> THE LEXINGTON COMPANY, AB d/b/a THE LEXINGTON CLOTHING COMPANY, <br><br> *Defendant*. | CIVIL ACTION NO. 1:19-cv-6239-PKC <br><br> JURY DEMANDED |

## JOINT PROPOSED PRE-TRIAL ORDER

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, Section 6 of Your Honor's Individual Rules of Practice, and the Court's May 19, 2021 Order (Dkt. 128), Plaintiff Lexington Furniture Industries, Inc. d/b/a Lexington Home Brands ("Lexington Home Brands" or "Plaintiff")[1] and Defendant The Lexington Company, AB d/b/a The Lexington Clothing Company ("LCC" or "Defendant") (collectively, the "Parties") respectfully submit this Joint Proposed Pretrial Order.

---

[1] LCC objects to the nomenclature proposed by Plaintiff. LCC believes Plaintiff should stick to the nomenclature adopted by the Court, and which has consistently been used throughout the case, which is ("LFI or Plaintiff").

- 1 -

**I.      COUNSEL FOR THE PARTIES**

Plaintiff:

**MCGUIREWOODS**

Brad R. Newberg (#BN1203)
bnewberg@mcguirewoods.com
Cell: 703-772-6787
1750 Tysons Boulevard
Suite 1800
Tysons, VA 22102

Lucy Jewett Wheatley (*pro hac vice*)
lwheatley@mcguirewoods.com
Cell: 410-804-2509
Amanda L. DeFord (*pro hac vice*)
adeford@mcguirewoods.com
Cell: 703-304-5703
800 East Canal Street
Gateway Plaza
Richmond, VA 23219

Matthew W. Cornelia (*pro hac vice*)
mcornelia@mcguirewoods.com
Cell: 817-965-2384
2000 McKinney Avenue
Suite 1400
Dallas, TX 75201

Defendant:

**BLANK ROME LLP**

Timothy D. Pecsenye (*pro hac vice*)
Pecsenye@BlankRome.com
Cell: 267-257-4454
Samar Aryani-Sabet (*pro hac vice*)
SAryani-Sabet@BlankRome.com
Cell: 610-299-1626
Jillian M. Taylor (*pro hac vice*)
JMTaylor@BlankRome.com
Cell: 610-308-6145
One Logan Square
130 North 18th Street
Philadelphia, PA 19103

Craig M. Flanders (NY Bar No. 4668299)
CFlanders@BlankRome.com
Cell: 314-504-2464
Kenneth L. Bressler (NY Bar No. 1962661)
KBressler@BlankRome.com
Cell: 914-471-3300
Blank Rome LLP
1271 Avenue of the Americas
New York, NY 10020

**II.     STIPULATIONS OF FACT AND TESTIMONY**

Lead counsel for the Parties—Brad Newberg for Plaintiff and Tim Pecsenye for Defendant—certify that the parties met and conferred on June 16, 2021, in an effort to reach agreement upon stipulations of fact and stipulations of testimony. The Parties currently do not have any stipulations of fact or stipulations of testimony. The Parties intend to continue to meet and confer, including based on the outcome of the Parties' Motions *in Limine*, in an effort to reach agreement as to stipulations of fact or testimony.

**III.    STATEMENT OF THE CLAIMS AND DEFENSES TO BE TRIED**

The parties set forth below a summary of their contentions for trial. The parties do not

necessarily agree with each other's summaries and contentions for trial, do not stipulate to the accuracy of the other side's claims or defenses, and reserve all rights and objections.

### A.     **Plaintiff's Claims**

1. The Lexington Company's actions, including The Lexington Company's use of various "Lexington" marks, constitute infringement of Lexington Home Brands' LEXINGTON Marks in violation of the Lanham Act, 15 U.S.C. § 1114 and New York common law.

2. The Lexington Company's actions, including The Lexington Company's use of various "Lexington" marks, constitute unfair competition and false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1125(a) and New York common law.

3. The Lexington Company's actions, including The Lexington Company's use of various "Lexington" marks, constitute trademark dilution under New York law (N.Y. Gen. Bus. Law § 360-I).

4. The Lexington Company's actions constitute breach of contract; namely, the Settlement Agreement.

5. The Lexington Company's actions constitute common law unjust enrichment.

### B.     **Defendant's Defenses:**

1. Defendant did not breach the Settlement Agreement.

2. Defendant did not infringe upon the LFI Marks in violation of the Lanham Act, 15 U.S.C. § 1114 or New York common law.

3. Defendant did not engage in unfair competition or false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1125(a) or New York common law.

4. Defendant did not dilute the LFI Marks under New York law (N.Y. Gen. Bus. Law § 360-I).

5. Defendant has not been unjustly enriched.

      6.      Defendant's Second Affirmative Defense of estoppel and/or laches.

## IV.    STATEMENT REGARDING TRIAL BY JURY AND LENGTH OF TRIAL

This is a jury trial. The Parties estimate that the trial will require five (5) days of testimony and argument.

## V.    LIST OF WITNESSES AND DEPOSITION DESIGNATIONS

Lexington Home Brands' witness list is attached as Exhibit A. Lexington Home Brands' deposition designations (with LCC's objections and counter-designations, and Lexington Home Brands' objections to LCC's counter-designations) are attached as Exhibit B.

LCC's witness list is attached as Exhibit C. LCC's deposition designations (with Lexington Home Brands' objections and counter-designations, and LCC's objections to Lexington Home Brands' counter-designations) are attached as Exhibit D.

## VI.    EXHIBIT LISTS

Lexington Home Brands' exhibit list (with The Lexington Company's objections) is attached as Exhibit E. The Lexington Company's exhibit list (with Lexington Home Brands' objections) is attached as Exhibit F.

## VII.    STATEMENT OF DAMAGES AND OTHER RELIEF SOUGHT

The parties set forth below a summary of their contentions regarding the statement of damages.. The parties do not necessarily agree with each other's summaries and contentions for trial, do not stipulate to the accuracy of the other side's claims for damages or defenses, and reserve all rights and objections

    **A.**    **Lexington Home Brands' Statement of Damages and Other Relief Sought**

Lexington Home Brands seeks damages in the form of Defendant's profits and Plaintiff's damages, along with an award of punitive damages, Plaintiff's reasonable attorneys' fees and costs, and pre- and post-judgement interest as allowed by law.

Specifically, Lexington is entitled to the following:

1. Defendant's infringing profits, which according to documents produced by Defendant to date, show infringing sales that total $3,453,281 from 2012 through February 2021, minus any expenses which Defendant proves at trial, and which Lexington will request the Court treble pursuant to 15 U.S.C. § 1117(a);

2. All damages stemming from Defendant's breach of the Settlement Agreement and unjust enrichment therefrom, including but not limited to Defendant's profits as calculated above, and all costs and fees Lexington has incurred in bringing this Action to enforce the Settlement Agreement;

3. Punitive damages in an amount of $1 million or an amount to be determined by the jury;

4. Lexington's attorneys' fees and costs incurred in connection with this action pursuant to 15 U.S.C. § 1117(a); and

5. Pre- and post-judgment interest as allowed by law.

Further, Lexington Home Brands seeks an permanent injunction restraining Defendant The Lexington Company along with its officers, agents, servants, employees, and attorneys, from: (i) using LEXINGTON in any manner, including as a trademark, trade name, hashtag, domain name, social media account, or any other use in connection with home goods, home furnishings, home textiles, and related goods in the United States; (ii) registering, attempting to register, and/or maintaining an application or registration with the United States Patent and Trademark Office for "LEXINGTON," the Lexington Flag Logo, "LEXINGTON COMPANY," and any other use of LEXINGTON in connection with home goods, home furnishings, home textiles, and related goods in the United States; and (iii) engaging in any conduct or course of conduct likely to cause

confusion, deception, or mistake with respect to Lexington's trademarks, goodwill, or reputation.

### B. LCC's Objections to Lexington Home Brands' Statement of Damages

Defendant does not believe that Plaintiff is entitled to any of the above sought damages or other relief as Defendant has not violated any rights of Plaintiff. Defendant has outlined more specific objections in its Motions in Limine submitted to the Court on June 3, 2021. One such Motion in Limine requests that the Court exclude from trial all arguments, evidence, and testimony relating to: (1) Plaintiff's requested "infringing profits"; and (2) Plaintiff's request for punitive damages in connection with its federal trademark infringement (15 U.S.C. § 1114), federal unfair competition and false designation of origin (15 U.S.C. § 1125(a)), federal trademark dilution (15 U.S.C. § 1125(c)), unjust enrichment, and breach of contract claims. In addition, Defendant objects to Plaintiff's request for damages to the extent it seeks double recovery. Indeed, Plaintiff is only entitled to be compensated once for any injuries it can prove it suffered at trial.

## VIII. TRIAL MANAGEMENT PROCEDURES

The Parties each propose that certain trial management procedures govern the trial of this matter, but were unable to agree on the scope and content of such procedures. Specifically, the Parties were unable to agree on stipulations regarding the use of depositions, exhibits, and other trial management procedures. The Parties therefore submit the following competing proposals for the Court's consideration.

### A. Lexington Home Brands' Proposed Trial Management Procedures

1. <u>Demonstratives for Opening and Direct Examination.</u> The parties will exchange copies of all forms of demonstratives that they plan to use during opening statements or direct examination (but not for cross-examination), or a party's examination of its own witness that the opposing party has called adversely—by 7:00 PM Eastern Time on the night before their intended use. The parties shall exchange objections to these demonstratives by 8:30 PM Eastern Time on

the day the demonstratives are received. Non-substantive corrections of typographical type errors to demonstratives may be made prior to use, as long as these edits or corrections are reasonably disclosed in advance of their use.

      a.    This applies to demonstratives specifically created for the purpose of the trial and for illustrative purposes only, and do not include (1) demonstratives created in the courtroom during testimony or opening at trial; or (2) the enlargement, highlighting, ballooning, underlining, or the like, of trial exhibits or transcripts of trial testimony, or transcripts of deposition testimony for which objections have been cleared.

      b.    Demonstratives need not be included in the parties' respective exhibit lists.

      c.    Neither party will use the other party's own demonstratives before they are used by the disclosing party.

2.    <u>Non-Documentary and/or Live Demonstratives.</u> The parties will make available for inspection all non-documentary demonstratives or live demonstratives, such as physical exhibits, that they plan to use during direct examination or during opening—but not for cross-examination or a party's examination of its own witness that the opposing party has called adversely—by 7:00 PM Eastern Time two calendar days before their intended use. The parties shall exchange objections to these non-documentary demonstratives or live demonstratives by 8:30 PM Eastern Time on the night before their intended use. Demonstratives previously displayed in the course of the trial need not be disclosed again.

3.    <u>No Demonstratives to Jury.</u> Demonstratives shall not go to the jury during deliberations.

4.      <u>Witnesses.</u> The parties will identify witnesses to be called live and by deposition (in the reasonably anticipated order of call) at 7:00 PM Eastern Time two calendar days before the day of trial during which the witnesses are expected to testify. In other words, if a witness will testify on a Wednesday, the witness must be identified by 7:00 PM Eastern Time on Monday. The parties will also exchange lists of exhibits they intend to use during direct examination or by witnesses called by designation by 7:00 PM Eastern Time the night before their intended use, and an identification of the witnesses each such exhibit will be used with on direction examination or by designation. The parties shall exchange any objections by 8:30 PM Eastern Time on the day the lists are received.

5.      <u>Deposition Designations.</u> For each witness that a party intends to call by deposition, the party shall, by 7:00 PM Eastern Time two calendar days prior to the date the party intends to call such witness, provide the other side with a list of final designations that will be played. The receiving party shall provide a final list of objections and counter-designations by 8:00 PM Eastern Time the same day. Objections to the 8:00 PM Eastern Time counter-designations are due by 8:30 PM the same evening.

      a.   The party who seeks to introduce the deposition testimony will be responsible for preparing the video clips to be played, including the counter-designations made by the other side.

      b.   Any deposition testimony may be used at trial for the purpose of impeachment, regardless of whether a party specifically identified that testimony on its list of deposition designations, if the testimony is otherwise competent for such purpose.

6.  <u>Resolution of Objections.</u> The parties will meet and confer regarding any objections at 9:00 PM Eastern Time on the night the objections are exchanged. Any unresolved objections will be raised with the Court by email directed to the Court's law clerk(s) no later than 10:00 PM Eastern Time for resolution the next morning outside the presence of the jury.

7.  <u>Exhibit List Descriptions</u>. Any description of a document on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the document.

8.  <u>Use of Pre-Admitted Exhibits During Opening.</u> Any exhibit pre-admitted at the time of opening statements may be shown to the jury during opening statements if the exhibit will be the subject of testimony and explained to the jury by a witness at trial.

9.  <u>Deposition Designations</u>. The parties shall edit out attorney objections and colloquy from the deposition clips. With respect to a party's affirmative deposition designations, the other party's counter-designations, and the party's rebuttal designations, each deposition will be played in order of the witness's testimony at the deposition, rather than, e.g., playing all initial designations followed by all counter-designations.

10. <u>Materials Designated Confidential.</u> Nothing shall be deemed to prevent the parties from introducing Designated Material into evidence at the trial of this action, or from using any information contained in Designated Material at the trial of this action.

11. <u>Witness Binders.</u> There is no requirement to prepare a binder of evidence or demonstratives for a witness; however, if a party provides a binder to a witness, the party will provide at least one copy to the opposing side, and one copy to the court at the same time the binder is presented to the witness.

12.     <u>Notice of Intent to Rest.</u> A party will provide to the Court and the other party a good-faith notice that it expects to rest by 5:00 PM Eastern Time or prior to leaving court, whichever is later, the day before that party expects to rest and provide a good-faith estimate of how much additional trial time the party expects to use before resting.

**B.     LCC's Proposed Trial Management Procedures**

1.      <u>Witness Binders.</u> For each witness a party calls, that party will prepare a binder of evidence and demonstratives for the witness, and will provide at least two copies to opposing counsel and two copies to the Court at the same time the binder is presented to the witness.

2.      The Parties shall give notice to each other of the order of trial witnesses fourteen (14) days before the commencement of trial.

3.      For each witness that a party intends to call by deposition, the party shall, no later than fourteen (14) days prior to the commencement of trial, provide the other side with a list of final designations that will be played. No later than seven (7) days before the commencement of trial, the receiving party shall identify any additional previously-designated excerpts to be read or played, and any unresolved objections to testimony or exhibits sought to be used with the witness. No later than five (5) days before the commencement of trial, the Parties shall meet and confer to attempt to resolve any unresolved objections, with any objections that cannot be resolved to be raised with the Court before the deposition testimony is to be presented.

    a.   The party who seeks to introduce the deposition testimony will be responsible for preparing the video clips to be played, including the counter-designations made by the other side.

    b.   No objections, preambles, or exchanges between counsel will be played or read.

  c. If a party designates deposition testimony, and the other party counter-designates or provides rebuttal designations, both sides' designations will be read or played consecutively in the sequence in which the testimony was originally given at deposition.

  d. Any deposition testimony may be used at trial for the purpose of impeachment, regardless of whether a party specifically identified that testimony on its list of deposition designations, if the testimony is otherwise competent for such purpose.

  e. Each party reserves the right to use deposition designations from the other party's designations, even if not separately listed on its own list. Each party also reserves the right to use deposition counter designations as part of its affirmative designations, and any initial or counter-counter designations as counter designations.

4. To the extent not listed on the Parties' respective exhibit lists, the Parties will serve demonstrative exhibits to be used in openings or during the course of trial no later than fourteen (14) days prior to the commencement of trial. No later than seven (7) days before the commencement of trial, any objections to a party's demonstrative exhibit(s) shall be served upon the other party. No later than five (5) days before the commencement of trial, the Parties shall promptly confer regarding any objections and shall notify the Court of any remaining disputes.

  a. This provision applies to demonstratives specifically created for the purpose of the trial and for illustrative purposes only, and does not include the enlargement, highlighting, ballooning, underlining, or the like, of trial

      exhibits or transcripts of trial testimony, or transcripts of deposition testimony for which objections have been cleared.

b. Neither party will use the other party's own demonstratives before they are used by the disclosing party.

c. Demonstratives shall not go to the jury during deliberations.

d. Each party reserves the right to use exhibits from the other party's trial exhibit list, even if not separately listed on its own list.

SO ORDERED.

                                                    Honorable P. Kevin Castel
                                                    United States District Judge

Dated:  New York, New York
        June 18, 2021