UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEXINGTON FURNITURE INDUSTRIES, INC. d/b/a LEXINGTON HOME BRANDS., <br><br> *Plaintiff*, <br><br> v. <br><br> THE LEXINGTON COMPANY, AB d/b/a THE LEXINGTON CLOTHING COMPANY, <br><br> *Defendant*. | CIVIL ACTION NO. 1:19-cv-6239-PKC |

# [PROPOSED] PERMANENT INJUNCTION

Before the Court is a motion by Plaintiff Lexington Furniture Industries, Inc. seeking entry of a permanent injunction against Defendant The Lexington Company, AB. Having considered the parties' respective submissions, and in view of the Jury Verdict (Dkt. 212) and the Court's Judgement (Dkt. 213) entered in this action, pursuant to and in accordance with 15 U.S.C. § 1116 and this Court's inherent equitable authority, it is hereby **ORDERED, ADJUDGED AND DECREED** that:

1) This permanent injunction applies to Defendant The Lexington Company, AB, and any companies owned or controlled by Defendant, and each of Defendant's officers, agents, privies, principals, directors, shareholders, managing agents, owners, licensees, distributors, attorneys, employees, affiliates, subsidiaries, parents, successors, and assigns, and all of those in active concert or participation with any of them (collectively, the "Enjoined Parties").

2) For purposes of this permanent injunction, the term "Home Goods" refers to home furnishings, textiles and decor, including the following:

- Furniture;
- Home textiles, such as fabrics, bedding, bedspreads, blankets, pillows, shams, throws, rugs, towels, placemats, napkins, tablecloths and runners;
- Home décor, such as mirrors, trays, wall hangings, area rugs and similar home decorative products;
- Lamps, chandeliers, sconces, lanterns, and other home lighting products; and
- Cutlery, dinnerware, flatware, napkin rings, and glassware.

3) Within thirty (30) days of the issuance of this Permanent Injunction, the Enjoined Parties shall permanently refrain from:

   a. Any and all use of LEXINGTON, or a mark confusingly similar thereto, alone or in conjunction with other elements, in connection with Home Goods, sold in or directed to the United States, including:

      i. Selling, offering to sell, exporting or shipping into the United States (directly or through third party physical, digital or virtual marketplaces, retailers or distributors) any Home Goods that bear any form of the LEXINGTON mark;

      ii. Using any form of the LEXINGTON mark in connection with selling or offering to sell Home Goods to United States consumers, whether online, via brick and mortar stores, or through another medium;

      iii. Using any form of the LEXINGTON mark in connection with advertising in any current or future form for Home Goods in the United States or directed to United States consumers, including but not limited to online, digital, print, television, direct mail, email, text message,

        radio, in person solicitations, promotional events or activities, or other forms of advertising, marketing or promotion in any format; and

    iv. Soliciting United States based customers, United States based social media influencers, or United States based distributors, retailers or business partners under any form of the LEXINGTON mark.

4) Within thirty (30) days from the issuance of the Permanent Injunction, the Enjoined Parties shall:

    a. With respect to websites controlled by the Enjoined Parties which use a LEXINGTON mark in the domain, title, header, footer, or content of the website (including but not limited to lexingtoncompany.com) and which advertise, promote, offer to sell, or sell Home Goods, the Enjoined Parties shall block all access by individuals located within the United States to such websites. Any such websites controlled by the Enjoined Parties shall not promote, offer to sell or sell Home Goods which use the LEXINGTON mark in U.S. dollars or ship or permit the shipment of Home Goods which use the LEXINGTON mark to the United States;

    b. With respect to current or future social media, digital or virtual accounts controlled by the Enjoined Parties which use a LEXINGTON mark and promote or feature Home Goods (including, but not limited to, Defendant's Facebook, Instagram, Pinterest, Vimeo, YouTube, TikTok and Twitter accounts), the Enjoined Parties shall block or restrict all access by individuals located within the United States. To the extent individuals located within the United States cannot be blocked from one or more of these social media, digital or virtual

      accounts, the Enjoined Parties shall block or restrict all U.S.-based followers from accessing or following such account(s). To the extent any of these social media, digital or virtual accounts remain accessible in the United States despite the above, the Enjoined Parties shall make no posts that target or solicit U.S. customers, including posts celebrating or otherwise referring to U.S. holidays, listing prices in U.S. dollars, or offering discounts to U.S. customers. The Enjoined Parties shall further exclude individuals located within the United States from any LEXINGTON-branded social media, digital or virtual paid advertising and shall prevent such individuals from accessing or purchasing Home Goods through any LEXINGTON-branded social media, digital, or virtual shops; and

    c. The Enjoined Parties shall take affirmative steps to remove all U.S.-based recipients of LEXINGTON-branded emails or other communications and prevent individuals within the United States from receiving any such communications in the future.

5) Within thirty-five (35) days of the issuance of this Permanent Injunction, the Enjoined Parties shall submit a sworn declaration to the Court and Plaintiff describing and certifying their compliance with the terms of this Permanent Injunction.

6) Commencing in 2023, and on an annual basis for the next five (5) years thereafter, Defendant shall provide Plaintiff a sworn declaration certifying the Enjoined Parties' compliance with this Permanent Injunction.

7) This Permanent Injunction shall inure to the benefit of Plaintiff and any successors, assigns, and acquiring companies. This Permanent Injunction shall be binding upon Defendant and any successors, assigns, and acquiring companies.

8) The Enjoined Parties shall refrain from effecting any assignments or transfers, outside of the ordinary course of business, or forming a new entity or association, or utilizing any other device or contrivance for the purpose of or with the effect of circumventing or otherwise avoiding any prohibitions set forth in this Permanent Injunction, or any payment obligations set forth in the Court's Judgment (Dkt. 213) and any other Court Orders.

9) This Permanent Injunction shall be deemed to have been served upon Defendant at the time of its execution by this Court.

10) This Court retains jurisdiction for the purpose of issuing further orders necessary or proper for the construction, implementation, or modification of this Permanent Injunction, the enforcement thereof, and the punishment of any violations thereof.

DATED: _____
              New York, New York

SO ORDERED:

_____
Honorable P. Kevin Castel
United States District Judge